Henry H. Janssen, Esquire (HJ-6661)
Chad D. Mountain, Esquire (CM-3794)
**JANSSEN & KEENAN P.C.**
One Commerce Square
2005 Market Street, Suite 2050
Philadelphia, PA 19103
Telephone: 215-665-8888
Fax: 215-665-8887

Attorneys for Plaintiff
Getty Petroleum Marketing Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **GETTY PETROLEUM MARKETING INC.**<br>302 Harper Drive, Suite 330<br>Moorestown, NJ 08057 | : | CIVIL ACTION NO. |
| Plaintiff, | : | |
| vs. | : | |
| **BALKAR SAINI**<br>701 Crescent Boulevard<br>Collingswood, NJ 08107<br>and<br>**JASSI FUELS LLC**<br>701 Crescent Boulevard<br>Collingswood, NJ 08107<br>and<br>**JESSI FUELS STOP LLC**<br>600 Buck Road<br>Monroeville, NJ 08343<br>and<br>**BHUPINDER SAINI**<br>9 Treeview Lane<br>Aberdeen, NJ 07747<br>and<br>**R.A. REIFF, INC.**<br>1173 East Landis Avenue<br>Vineland, New Jersey 08360 | : | **COMPLAINT** |
| Defendants. | : | |

1. Plaintiff Getty Petroleum Marketing Inc. (hereinafter "GPMI") is a corporation organized and existing under the laws of the State of Maryland with its principal place of business in New York, and with offices located 302 Harper Drive, Suite 303, Moorestown, New Jersey 08057.

2. Defendant Balkar Saini is an individual and citizen of the State of New Jersey, and maintains a business address at 701 Crescent Boulevard, Collingswood, New Jersey 08107. Defendant Balkar Saini is a constituent member of defendant Jassi Fuels LLC and Jessi Fuels Stop LLC.

3. Defendant Jassi Fuels LLC, (hereinafter "JF") is a limited liability company organized and existing under the laws of the State of New Jersey with a place of business at 701 Crescent Boulevard, Collingswood, New Jersey 08107. Upon information and belief, none of the constituent members of JF are citizens of Maryland or New York.

4. Defendant Jessi Fuels Stop LLC, (hereinafter "JFS") is a limited liability company organized and existing under the laws of the State of New Jersey with a place of business at 600 Buck Road, Monroeville, New Jersey 08343. Upon information and belief, none of the constituent members of JFS are citizens of Maryland or New York.

5. Defendant Bhupinder Saini is an individual and citizen of the State of New Jersey, residing at 9 Treeview Lane, Aberdeen, New Jersey 07747. Defendant Bhupinder Saini is a constituent member of JFS.

6. Defendant RA Reiff Inc. (hereinafter "Reiff") is a corporation organized and existing under the laws of New Jersey with its principal place of business located at 1173 East Landis Avenue, Vineland, New Jersey 08360.

7. Subject matter jurisdiction of this action is based on 15 U.S.C. Section 1121 and 28 U.S.C. Sections 1331, 1332, 1338 and 1367. The amount in controversy, exclusive of interest and costs, exceeds the sum or value of seventy-five thousand dollars ($75,000.00).

8. GPMI is the franchisor of retail motor fuel service stations in New Jersey, as assignee of Conoco Phillips Company, successor by merger to Tosco Corporation. GPMI is the licensor of the LUKOIL trademark, trade name, and trade dress displayed at service stations by franchisees of GPMI. The LUKOIL trademark is duly filed of record in the United States Patent and Trademark Office.

9. Two of the said franchisee sites located at 701 Crescent Boulevard, Collingswood, New Jersey 08107 and 600 Buck Road, Moorestown, New Jersey 08343 were franchised by GPMI to defendant JF as franchisee for the Collingwood station and to defendant JFS as franchisee for the Monroeville station.

10. Defendants JF and JFS respectively operated as GPMI's franchisees at the Collingswood and Monroeville stations and sold motor fuel to the public under the LUKOIL trademark, trade name and trade dress at those respective locations.

11. Beginning at a time presently unknown to GPMI, defendants JF, JFS and Balkar Saini acquired non-LUKOIL branded motor fuel which they deliberately caused to be delivered into the underground storage tanks at each station and sold the same to the motoring public under the LUKOIL trademark, trade name and trade dress at that station, thereby misbranding and infringing on the LUKOIL trademark, trade name and trade dress and causing confusion to the purchasing public.

12. The sellers and suppliers of the said non-LUKOIL branded motor fuel included defendant Reiff, which deliberately delivered the said misbranded motor fuel to the station, and

into the tanks, on a number of occasions presently unknown to GPMI, but extending at least up to and including September 19, 2005, knowing and intending that the fuel would be sold to the motoring public as LUKOIL branded fuel under the LUKOIL trademark, trade name and trade dress.

13. The said deliveries were done knowingly and intentionally by defendants JF, JFS, Balkar Saini and Reiff, acting deliberately and in concert, to misbrand the said motor fuel by sale to the motoring public under the licensed LUKOIL trademark, trade name and trade dress, which were exclusively displayed at the said station, including on all dispensing equipment.

14. Defendants Balkar Saini, JF, and JFS deliberately engaged in this conduct not only to misbrand the said fuel and to reap profits from the confused motoring public purchasers, but also to provoke a termination of the said franchise and supply and ancillary agreements for their said conduct, which terminations occurred in September, 2005 for the Collingswood station and for the Monroeville station.

15. Defendant Reiff deliberately engaged in its said conduct knowing that it was interfering with GPMI's franchise and supply and ancillary agreements and that a termination of those agreements, with resultant economic losses to GPMI, was certain to be caused thereby.

16. In addition to the foregoing, and upon information and belief, defendants JF, JFS, and Balkar Saini have actively encouraged, solicited, assisted, aided and abetted other GPMI franchisees in the Philadelphia area to engage in identical misbranding conduct at other service station sites exclusively bearing trademarks, trade names and trade dress licenses by GPMI, to provoke and effect a termination of their said franchises, and ancillary and supply agreements with GPMI

17. The conduct of the defendants has caused and is causing substantial economic damages to GPMI, together with irreparable harm to its business interests.

## COUNT ONE – AGAINST DEFENDANTS BALKAR SAINI, JASSI FUELS LLC, JESSI FUELS STOP LLC, AND R.A. REIFF, INC. [TRADEMARKS]

18. The averments contained in Paragraphs 1 through 17 of this Complaint are incorporated herein.

19. Defendants Balkar Saini, JF, JSF, and Reiff conduct falsely designated the origin of goods and services, falsely described material facts, and made false or misleading representations of fact, intending to and effecting confusion, mistake and deception.

20. Defendants Balkar Saini, JF, JSF, and Reiff utilized the LUKOIL trademark, trade name and trade dress, in and substantially affecting interstate commerce, without authority or consent, in connection with the sale, offering for sale or advertising of products and services in a manner likely to cause confusion or mistake or to deceive purchasers as to the source or origin of such goods and services.

**WHEREFORE**, GPMI respectfully demands the entry of judgment for compensatory, treble and punitive damages against the defendants, jointly and severally, together with an accounting, injunctive relief, and attorneys' fees and costs, and such other relief as the Court may allow.

## COUNT TWO – AGAINST DEFENDANTS BALKAR SAINI, JASSI FUELS LLC, JESSI FUELS STOP LLC, AND R.A. REIFF, INC. [UNFAIR COMPETITION]

21. The averments of Paragraphs 1 through 21 of this Complaint are incorporated herein.

22. The conduct of defendants Balkar Saini, JF, JSF, and Reiff constitutes unprivileged unfair competition.

**WHEREFORE**, GPMI respectfully demands the entry of judgment for compensatory and punitive damages against the defendants, jointly and severally, together with an accounting, injunctive relief, and attorneys' fees and costs, and such other relief as the Court may allow.

## COUNT THREE-AGAINST DEFENDANT JASSI FUELS LLC [BREACH OF CONTRACT]

23. The averments of Paragraphs 1 through 23 of this Complaint are incorporated herein.

24. Defendant JF has breached its ten year franchise and ancillary agreements with GPMI for the franchisee relationship located at 701 Crescent Boulevard, Collingswood, New Jersey, causing substantial economic damage to GPMI.

25. The conditions precedent imposed upon GPMI under the contracts have been performed or have otherwise occurred.

26. As a result of the breach by defendant JF, GPMI is owed in excess of $50,000.00 in damages as a result of payments owed to GPMI pursuant to the subject franchise and ancillary agreements.

27. As a result of the breach by defendant JF, GPMI is owed in excess of $34,000.00 in damages as a result of monies expended by GPMI to brand the subject franchise site as a GPMI franchise location.

28. As a result of the breach by defendant JF, GPMI is owed in excess of $710,000.00 in damages as a result of defendant JF failing to purchase the contractually required contract volumes of motor fuel as required by the subject franchise and ancillary agreements.

29. In addition, as a result of the breach by defendant JF, GPMI is owed in excess of $97,000.00 in damages as a result of unpaid loan balance that is due and owing to GPMI pursuant to a Promissory Note entered on May 30, 2003.

30. Furthermore, defendant JF is in breach of the subject franchise and ancillary agreements for failing to relinquish and return to GPMI all LUKOIL signs and other personal property of GPMI. Defendant JF has refused to allow GPMI to enter its premises to remove LUKOIL signs and property in breach of its obligations pursuant to the subject franchise and ancillary agreements.

**WHEREFORE**, GPMI respectfully demands the entry of judgment for compensatory damages against the defendants, jointly and severally, together with an accounting, injunctive relief, and attorneys' fees and costs, and such other relief as the Court may allow.

## COUNT FOUR – AGAINST DEFENDANTS BALKAR SAINI AND BHUPINDER SAINI
### [GUARANTY]

31. The averments of Paragraph 1 through 30 of this Complaint are incorporated herein.

32. Defendants Balkar and Bhupinder Saini executed a written Personal Guaranty of the debts and sums due to GPMI, as assignee of Conoco Phillips Company, by defendant JF

7

33. Pursuant to the Personal Guaranty, defendants Balkar and Bhupinder Saini are personally liable for all debts and sums due to GPMI for the franchise located at 701 Crescent Boulevard, Collingswood, New Jersey.

34. As a result of the termination of the subject franchise, and ancillary and supply agreements with GPMI, defendants Balkar and Bhupinder Saini are personally liable for debts and sums due to GPMI that total in excess of $75,000.00.

**WHEREFORE**, GPMI respectfully demands the entry of judgment for compensatory damages against the defendants, jointly and severally, together with an accounting, injunctive relief, and attorneys' fees and costs, and such other relief as the Court may allow.

## COUNT FIVE – AGAINST DEFENDANT JESSI FUELS STOP LLC
## [BREACH OF CONTRACT]

35. The averments contained in Paragraphs 1 through 34 of this Complaint are incorporated herein.

36. Defendant JFS has breached its ten year franchise and ancillary agreements with GPMI for the franchisee relationship located at 600 Buck Road, Monroeville, New Jersey.

37. The conditions precedent imposed upon GPMI under the contracts have been performed or have otherwise occurred.

38. As a result of the breach by defendant JFS, GPMI is owed in excess of $50,000.00 in damages as a result of payments owed to GPMI pursuant to the subject franchise and ancillary agreements.

39. As a result of the breach by defendant JFS, GPMI is owed in excess of $42,000.00 in damages as a result of monies expended by GPMI to brand the subject franchise site as a GPMI franchise location.

40. As a result of the breach by defendant JFS, GPMI is owed in excess of $711,000.00 in damages as a result of defendant JFS failing to purchase the contractually required contract volumes of motor fuel as required by the subject franchise and ancillary agreements.

41. In addition, as a result of the breach by defendant JFS, GPMI is owed in excess of $134,000.00 in damages as a result of unpaid loan balance that is due and owing to GPMI pursuant to a Promissory Note entered on October 1, 2002.

42. Furthermore, defendant JFS is in breach of the subject franchise and ancillary agreements for failing to relinquish and return to GPMI all LUKOIL signs and other personal property of GPMI. Defendant JFS has refused to allow GPMI to enter its premises to remove LUKOIL signs and property in breach of its obligations pursuant to the subject franchise and ancillary agreements.

**WHEREFORE**, GPMI respectfully demands the entry of judgment for compensatory damages against the defendants, jointly and severally, together with an accounting, injunctive relief, and attorneys' fees and costs, and such other relief as the Court may allow.

## COUNT SIX – AGAINST DEFENDANTS BALKAR SAINI AND BHUPINDER SAINI [GUARANTY]

43. The averments of Paragraph 1 through 42 of this Complaint are incorporated herein.

44. Defendants Balkar and Bhupinder Saini executed a written Personal Guaranty of the debts and sums due to GPMI, as assignee of Conoco Phillips Company, by defendant JFS.

45. Pursuant to the Personal Guaranty, defendants Balkar and Bhupinder Saini are personally liable for all debts and sums due to GPMI for the franchise located at 600 Buck Road, Monroeville, New Jersey.

46. As a result of the termination of the subject franchise, and ancillary and supply agreements with GPMI, defendants Balkar and Bhupinder Saini are personally liable for debts and sums due to GPMI that total in excess of $75,000.00.

**WHEREFORE**, GPMI respectfully demands the entry of judgment for compensatory damages against the defendants, jointly and severally, together with an accounting, injunctive relief, and attorneys' fees and costs, and such other relief as the Court may allow.

### COUNT SEVEN – AGAINST DEFENDANTS BALKAR SAINI, JASSI FUELS LLC, JESSI FUELS STOP LLC, AND R.A. REIFF, INC.
### [TORTIOUS INTERFERENCE]

47. The averments contained in Paragraph 1 through 46 of this Complaint are incorporated herein.

48. Defendants Balkar Saini, JF, JSF, and Reiff have interfered and continue to interfere with GPMI's contracts and actual and prospective business relations with its franchisees, without justification or privilege

WHEREFORE, GPMI respectfully demands the entry of judgment for compensatory and punitive damages against the defendants, jointly and severally, together with an accounting, injunctive relief, and attorneys' fees and costs, and such other relief as the Court may allow.

                                 **JANSSEN & KEENAN P.C.**

By: _____
Henry H. Janssen, Esquire (HJ-6661)
Chad D. Mountain, Esquire (CM-3794)
One Commerce Square
2005 Market Street, Suite 2050
Philadelphia, PA  19103
(215) 665-8888
(215) 665-8887 fax
hjanssen@janssenkeenan.com
cmountain@janssenkeenan.com

Attorneys for Plaintiff
Date: September 29, 2005                Getty Petroleum Marketing Inc.