NOT FOR PUBLICATION                    (Docket Nos. 20, 22)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | | |
|---|---|---|
| _____ : | | |
| GETTY PETROLEUM MARKETING, : | | |
| INC., : | | |
| : | | |
| Plaintiff, : | Civil No. 05-4732 (RBK) | |
| v. : | **OPINION** | |
| : | | |
| BALKAR SAINI, et al., : | | |
| : | | |
| Defendants. : | | |
| _____ : | | |

**KUGLER**, United States District Judge:

This matter comes before the Court on two motions, one by Defendants Jassi Fuels LLC ("JF"), Jessi Fuels Stop LLC ("JFS"), Balkar Saini, and Bhupinder Saini (collectively, "Defendants") to set aside default and to permit the filing of an answer. Plaintiff Getty Petroleum Marketing, Inc. ("Plaintiff") moves for default judgment as to all defendants. For the reasons set forth below, Defendants' motion to set aside default will be granted and Plaintiff's motion for default judgment will be denied.

## I.   Background

Plaintiff, Getty Petroleum Marketing, Inc. ("Plaintiff") is the franchisor of retail gasoline service stations in New Jersey and the licensor of the LUKOIL trademark. Defendants JF and JFS entered into ten year franchise and ancillary agreements to

operate two franchise sites in Collingswood and Moorestown,[1] New Jersey, respectively, and operated these franchises at the time of the events underlying the Complaint. Defendant Balkar Saini is a constituent member of JF and JFS and Bhupinder Saini is a constituent member of JFS. Both executed written Personal Guaranties of any sums due to Plaintiff on behalf of JF and JFS.

Plaintiff alleges that Defendants obtained non-LUKOIL brand motor fuel, placed the fuel in the underground storage tanks at their franchise locations, and sold the gasoline to the public under the LUKOIL trademark, trade name, and trade dress displayed at the franchises.

Plaintiff terminated the franchise contracts and supply and ancillary agreements in September 2005, and filed the above-captioned Complaint on September 30, 2005, alleging trademark violations, unfair competition, breach of contract, and tortious interference. Plaintiffs served Defendants and filed summonses on October, 13, 2005, and October 25, 2005.

Defendants allege that their attorney, James S. Weiss ("Weiss"), communicated with Plaintiff's counsel to negotiate the return of Plaintiff's signs, credit card equipment, and other property, but that Weiss did not enter an appearance or answer Plaintiff's Complaint.  Plaintiff requested entry of default

---

[1]     In their proposed answer, Defendants deny that they have a station in Moorestown, New Jersey.  Rather, Defendants state that they have a station in Monroeville, New Jersey.

against all Defendants on November 8, 2005, and the clerk entered
default on November 9, 2005.

Plaintiff first moved for default judgment in January 2006.
Plaintiff served this motion on Weiss, and Defendant Balkar Saini
alleges that he spoke to Weiss, and that Weiss "assured"
Defendant Balkar Saini that he would "protect [Balkar Saini's]
interests."  However, Weiss did not file a response to the motion
for default judgment, nor any other papers, with the Court. On
May 11, 2006, the Court denied Plaintiff's motion for default
judgment.

Plaintiff again moved for default judgment on June 23, 2006.
It was then that Defendant Balkar Saini learned that Weiss took
no formal action on Defendants' behalf.

On July 14, 2006, Defendants moved to set aside the November
9, 2005 entry of default, and to permit the filing of an answer,
pursuant to Federal Rule of Civil Procedure 55(c).

**II.  Motion to Set Aside Default Judgment**

A.   Standard

In general, federal courts disfavor defaults, and where a
party moves to set aside a default, courts should decide doubtful
cases in favor of the party moving to set aside a default entry
"so that cases may be decided on their merits." United States v.
$55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984).
Federal Rule of Civil Procedure 55(c) states that "[f]or good

3

cause shown the court may set aside an entry of default
. . . ." Fed. R. Civ. P. 55(c). The Third Circuit requires lower
courts to consider three factors when determining whether to set
aside a default judgment under Rule 55(c): "(1) whether plaintiff
will be prejudiced if default is not granted; (2) whether
defendant has a meritorious defense; and, (3) whether defendant's
delay was the result of culpable misconduct." $55,518.05 in U.S.
Currency, 728 F.2d at 194-95.

    B.   Meritorious Defense

    The Third Circuit stated that "the threshold question in
th[ese] cases is whether [the defendant] . . . established a
meritorious defense." Id. at 195. Setting aside the default
judgment would be pointless if the defendant "could not
demonstrate the possibility of winning." Id.  A defendant
establishes a "meritorious defense when [defendant's]
allegations, if established at trial, would constitute a complete
defense." Id.  A complete defense must "allege[] specific facts
beyond simple denials or conclusionary statements." Id.

    Count One of Plaintiff's Complaint alleges trademark
infringement, which requires Plaintiff to prove, among other
things, that Defendant's use of a valid and legally protected
mark to identify goods and services likely created confusion as
to the origin of the goods or services. Ford Motor Co. v. Summit
Motor Prods., 930 F.2d 277, 291 (3d Cir. 1991). In an affidavit

attached to Defendants' motion to set aside the default judgment, Defendant Balkar Saini states that Defendant Balkar Saini covered the "LUKOIL" sign before he purchased and sold gasoline from other distributors. Defendant Balkar Saini also alleges that he ceased to use various equipment provided by Plaintiff pursuant to the rebranding agreement.

Count Two of Plaintiff's complaint alleges that Defendants engaged in unfair competition. This count requires Plaintiff to demonstrate that Defendants misappropriated Plaintiff's product and property by continuing to conduct business with the LUKOIL trademark and trade dress after Defendants began using another fuel brand. See Duffy v. Charles Schwab & Co., Inc., 123 F. Supp. 2d 802, 815 (D.N.J. 2000) (citing New Jersey Optometric Ass'n v. Hillman-Kohan Eyeglasses, Inc., 365 A.2d 956, 965 (N.J. Super. Ch. Div. 1976)). In his affidavit, Defendant Balkar Saini denies that he continued to display the LUKOIL sign after he switched brands, and that he ceased to use most of Plaintiff's equipment.

Counts Three and Five of Plaintiff's Complaint allege that Defendants breached their franchise and ancillary agreements with Plaintiff by purchasing gasoline from a different source, commingling LUKOIL product with a different product, continuing to operate under a visible "LUKOIL" sign, and failing to pay for delivered fuel. In his affidavit, Defendant Balkar Saini alleges

that there was an oral representation made at the time Defendants agreed to rebranding regarding increased profitability. However, this agreement was not reduced to writing. Defendant Balkar Saini also denies commingling LUKOIL product with another brand, and states that the LUKOIL sign was not visible, and that he ceased to use equipment belonging to Plaintiff. Ultimately, Defendants allege that Plaintiff breached an oral modification of the franchise and ancillary agreements, thereby justifying Defendants' actions.

The Court does not delve into the ultimate legal merit of Defendants' assertions, as such a resolution is not required at this time. However, if true, Defendants' statements could defeat the allegations in Plaintiff's Complaint. Given the standard of setting aside default in close cases so the Court can decide the case on the merits, the Court finds that Defendants adduced enough evidence to constitute meritorious defenses to Plaintiff's various counts. Therefore, the first factor weighs in Defendants' favor.

C.   Culpable Misconduct

The next question is whether Defendants' failure to answer or to otherwise respond to Plaintiff's Complaint is the result of Defendants' culpable misconduct. To determine whether a default entry resulted from the culpable conduct of a defendant, courts in this Circuit examine the "'willfulness' or 'bad faith' of a

non-responding defendant." <u>Hritz v. Woma Corp.</u>, 732 F.2d 1178, 1183 (3d Cir. 1984).

In this case, Defendants allege that their failure to answer or to otherwise respond to Plaintiff's Complaint was because of the inaction of their attorney, Weiss.  According to Defendant Balkar Saini, he immediately retained Weiss, via referral from another attorney, upon receipt of the Complaint.  Defendant Balkar Saini further alleges that he was in regular contact with Weiss, who continued to assure him that Weiss was adequately representing Defendants' interests. Defendant Balkar Saini did not realize Weiss's inaction until Plaintiff's second motion for default judgment, at which time Defendants retained other counsel, who immediately filed the instant motion to set aside default.

Plaintiffs cite <u>James v. City of Jersey City</u> for the proposition that failure to speedily correct a default is an important factor in determining whether a defendant acted willfully or in bad faith.  187 F.R.D. 512, 518 (D.N.J. 1999). However, <u>James</u> is distinguishable because the defendant in that case failed to offer the court any evidence that he contacted his attorney or otherwise inquired as to the status of his case during the almost nine-month period between the entry of default and his motion to set aside default.  <u>Id.</u> In this case, Defendant Balkar Saini offers an affidavit in which he claims he was in

regular contact with his attorney, who affirmatively misled him about the status of the litigation.

Because Defendants' actions do not rise to the level of "willful" or "bad faith," the Court finds that their failure to respond to Plaintiff's Complaint was not the result of Defendants' culpable misconduct.  Therefore, the second factor weighs in Defendants' favor.

D.   Prejudice

The final factor in deciding whether to set aside a default judgment is whether such action will prejudice the plaintiff. The Third Circuit stated that "delay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent the opening a default judgment entered at an early stage of the proceeding." Feliciano v. Reliant Tooling Co., Ltd., 691 F.2d 653, 656-57 (3d Cir. 1982) (citing Tozer v. Charles A. Krause Mill. Co., 189 F.2d 242, 246 (3d Cir. 1951)). However, a plaintiff can demonstrate the requisite degree of prejudice by claiming "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed" on the plaintiff. Scarborough v. Eubanks, 747 F.2d 871, 876 (3d Cir. 1984).

In this case, Plaintiff claims that setting aside the default judgment would prejudice Plaintiff.  Specifically, Plaintiff alleges that one of its key witnesses, Dan Farling, the

8

territory service manager who worked with Defendant Balkar Saini, is no longer employed by Plaintiff and therefore no longer under Plaintiff's control.  Plaintiff further alleges that the crux of this case is the series of events that happened over a two-week span of time over a year ago.  Therefore, Plaintiff alleges that it will have substantial difficulty locating employees of Defendants who worked at the service stations at issue during the crucial period of time.  Moreover, Plaintiff alleges that even if it can locate these employees, they will likely not remember the pertinent facts.

The Court finds that a decision to set aside default judgment in this case will likely prejudice Plaintiff.  This third and final factor weighs in favor of Plaintiff.

E.   Conclusion

The Court finds that Defendants adduced sufficient evidence to constitute a potentially meritorious defense to Plaintiffs' claims.  In addition, the Court finds that Defendants' failure to answer Plaintiff's Complaint was not the result of culpable misconduct by the Defendants.  Finally, the Court finds that setting aside the default judgment will likely result in some prejudice to Plaintiffs.  However, given the balance of the factors, and the Court's general disfavor of default judgments, as well as its preference for deciding cases on the merits, the Court grants Defendants' motion to set aside the clerk's November

9, 2005 entry of default judgment.  Accordingly, the Court orders Defendants' to file an Answer within the time specified in the accompanying Order.

**III. Plaintiff's Motion for Default Judgment**

Before granting a default judgment under Federal Rule of Civil Procedure 55, a court is required to analyze the same three factors that a court must analyze in deciding whether to set aside default judgment. <u>Hritz</u>, 732 F.2d at 1180. Therefore, for the reasons discussed in Section II, <u>supra</u>, the Court denies Plaintiff's motion for default judgment.

**IV. Conclusion**

The Court grants Defendants' motion to set aside the default judgment and orders Defendants to answer Plaintiff's Complaint. The Court denies Plaintiff's motion for default judgment.

Dated: <u>2/7/2007</u>                    <u>s/Robert B. Kugler</u>
                                       ROBERT B. KUGLER
                                       United States District Judge